TEMPLETON, Appellant, vs. MILWAUKEE LIGHT, HEAT & TRACTION COMPANY, Respondent.

*January 8—January 28, 1908.*

*Eminent domain: Appeal from award of commissioners: Dismissal: Trial: Instructions to jury.*

1. In condemnation proceedings the commissioners awarded substantial damages to the plaintiff and nominal damages to plaintiff's grantor, from whom the property, together with the right to have and recover damages for the taking of the property by the defendant, was purchased after the petition for the appointment of commissioners was filed, but before the award of the commissioners was filed. The defendant appealed to the circuit court from the award to plaintiff, but did not appeal from the award made to plaintiff's grantor. *Held,* that it was not error to deny a motion to dismiss the appeal on the ground that it did not include the award of damages to plaintiff's grantor. *Brickles v. Milwaukee L., H. & T. Co., ante,* p. 358, followed.

2. In a proceeding tried in the circuit court on appeal from the award of commissioners appointed in condemnation proceedings, the court charged the jury as stated in the opinion in *Marsh v. Milwaukee L., H. & T. Co., post,* p. 384. *Held,* error for which the judgment of the circuit court must be reversed.

APPEAL from a judgment of the circuit court for Waukesha county: JAMES J. DICK, Circuit Judge. *Reversed.*

The appeal is from a judgment rendered upon a verdict in favor of the appellant upon appeal to the circuit court from an award of commissioners in a condemnation proceeding. The respondent filed its petition March 3, 1904, for the appointment of commissioners. The commissioners awarded the plaintiff $206 damages, and to his grantor, Mary E. Peffer, six cents damages. The plaintiff bought the property in question from Mary E. Peffer on May 28, 1904, together with the right to have and recover damages for the taking of this property by defendant company. The commissioners' award of damages was filed September 19, 1904. The respondent appealed from the award made to the

plaintiff and plaintiff's wife, but did not appeal from the award made to Mary E. Peffer. The plaintiff, appellant in this court, moved in the circuit court to dismiss the appeal from the award of commissioners to that court, which motion was denied. The land in question abuts on Lincoln avenue. The corporate charter, the grant from the city of Waukesha to use the streets, the scope of the condemnation proceedings as shown in the petition for the appointment of commissioners, and the use of the street, are all as shown in *Gosa v. Milwaukee L., H. & T. Co., ante,* p. 369, 114 N. W. 815, and *Marsh v. Milwaukee L., H. & T. Co., post,* p. 384, 114 N. W. 804.

For the appellant there was a brief by *Tullar & Lockney,* and oral argument by *D. S. Tullar* and *Henry Lockney.*

For the respondent there was a brief by *Ryan, Merton & Newbury,* attorneys, and *Clarke M. Rosecrantz,* of counsel, and oral argument by *T. E. Ryan.*

Among other references cited upon the part of the appellant were the following: Sec. 1849, Stats. (1898); *Watson v. M. & M. R. Co.* 57 Wis. 332, 15 N. W. 468; *Spaulding v. M., L. S. & W. R. Co.* 57 Wis. 304, 14 N. W. 368, 15 N. W. 482; *Washburn v. M. & L. W. R. Co.* 59 Wis. 379, 18 N. W. 431; *Larson v. S. S. L. R. Co.* 64 Wis. 59, 24 N. W. 487; 2 Am. & Eng. Ency. of Law (2d ed.) 425; *Wilt v. Neenah C. S. Co.* 130 Wis. 398, 110 N. W. 177; *Morris v. Brewster,* 60 Wis. 229, 19 N. W. 50; 2 Ency. Pl. & Pr. 213; *Chinnock v. Stevens,* 23 Wis. 396; *Widner v. Wood,* 19 Wis. 190; *Sharp v. Appleton, ante,* p. 16, 113 N. W. 1090; *Sayles v. Davis,* 20 Wis. 302; *Van Slyke v. Trempealeau Co. F. Mut. F. Ins. Co.* 39 Wis. 390; *Hays v. Lewis,* 21 Wis. 663; *Abbott v. Milwaukee L., H. & T. Co.* 126 Wis. 634, 106 N. W. 523; *Murray Hill L. Co. v. Milwaukee L., H. & T. Co.* 126 Wis. 14, 104 N. W. 1003; *La Crosse & M. R. Co. v. Seeger,* 4 Wis. 268; *Campbell v. Dick,* 80 Wis. 42, 49 N. W. 120; *Sailer v. Barnousky,* 60 Wis. 169, 18 N. W. 763; *Borchardt v. Wausau B. Co.* 54 Wis. 107, 11 N. W. 440.

Among other references cited upon the part of the respondent were the following: *Blesch v. C. & N. W. R. Co.* 44 Wis. 593; *Eau Claire F. & S. Co. v. Laycock,* 92 Wis. 81, 65 N. W. 732; *Att'y Gen. v. West Wis. R. Co.* 36 Wis. 466; *Wright v. Milwaukee E. R. & L. Co.* 95 Wis. 29, 69 N. W. 791; *Richardson v. Babcock,* 119 Wis. 141, 96 N. W. 554; *Lowe v. Ring,* 123 Wis. 370, 101 N. W. 698.

TIMLIN, J. The appellant assigns error because the trial court denied his motion to dismiss the respondent's appeal to the circuit court from the award of commissioners, based on the ground that such appeal did not include the award of nominal damages to Mary E. Peffer. This objection cannot prevail under the rule of *Brickles v. Milwaukee L., H. & T. Co., ante,* p. 358, 114 N. W. 810. The trial court charged the jury in this case as he did in *Marsh v. Milwaukee L., H. & T. Co., post,* p. 384, 114 N. W. 804, and for this last error the judgment appealed from must be reversed.

*By the Court.*—The judgment of the circuit court is reversed, and the cause remanded for a new trial.

